**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HATTIE JO YOUNG,

                Plaintiff,

vs.                                                                          Case No. 3:14-cv-888-J-JRK

CAROLYN W. COLVIN,
Commissioner of Social Security,

                Defendant.
_____/

## OPINION AND ORDER[1]

### I.  Status

Hattie Jo Young ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Her alleged inability to work is the result of "[h]ypertensive [c]ardiovascular [d]isease/[h]ypertension[; c]ervical [s]pine [i]mpairment[; l]umbar [s]pine [i]mpairment[; s]evere back pain[; h]eadaches [i]mpairment[; a]nxiety[; d]epression[; c]arpal [t]unnel [s]yndrome[; b]ulging [d]isc [i]njury[; d]egenerative [d]isc [d]isease[; h]igh [c]holesterol[; and m]ultiple [j]oint [a]rthritis."  Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed September 29, 2014, at 249.  On December 20, 2010,[2] Plaintiff filed an application for SSI, and on December 21,

---

      [1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge, see Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), and the Reference Order was entered on September 30, 2014 (Doc. No. 11).

      [2]      While the application for SSI is dated April 11, 2011, see Tr. at 215-21, the protective filing date is listed elsewhere in the administrative transcript as December 20, 2010, and both parties and the ALJ refer to this earlier date as well, see Tr. at 29, 102, 104; Memorandum in Support of Complaint

(continued...)

2010, Plaintiff filed an application for DIB, alleging an onset date of August 25, 2010.  Tr. at

213-14 (DIB), 215-17 (SSI).  Plaintiff's applications were denied initially, see Tr. at 101, 154-

56 (DIB), 102, 160-61 (SSI), and were denied upon reconsideration, see Tr. at 103, 168-69

(DIB), Tr. at 104, 170-71 (SSI).[3]  On June 21, 2012, an Administrative Law Judge ("ALJ")

held a hearing during which the ALJ heard testimony from Plaintiff, who was represented by

counsel, and a vocational expert ("VE").  Tr. at 48-100.  At the time of the hearing, Plaintiff

was forty-eight (48) years old.  Tr. at 59.  On September 11, 2012, the ALJ issued a decision

("Decision"), finding Plaintiff not disabled through the date of the Decision. Tr. at 29-42.  On

June 20, 2014, the Appeals Council denied Plaintiff's request for review, making the ALJ's

Decision the final decision of the Commissioner.  Tr. at 1-4.  On July 28, 2014, Plaintiff

commenced this action under 42 U.S.C. § 405(g) and § 1383(c)(3), by timely filing a

Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff specifically raises a single issue on appeal: whether the ALJ erred by not

clarifying Plaintiff's limitations in the hypothetical to the VE.  See Memorandum in Support

of Complaint (Doc. No. 14; "Pl.'s Mem."), filed October 10, 2014, at 6-9.  It is apparent that

Plaintiff is also raising an issue regarding the plausibility of the aspect of the hypothetical

related to standing and walking.  See Pl.'s Mem. at 8-9.  Defendant filed a Memorandum in

Support of the Commissioner's Decision (Doc. No. 16) on January 30, 2015.  After a

---

[2](...continued)
(Doc. No. 14) at 1; Memorandum in Support of the Commissioner's Decision (Doc. No. 16) at 1.  The
undersigned notes that the exact filing date is of no import here.

[3]        The administrative transcript reveals that Plaintiff had previously filed applications for
DIB and SSI; these applications were denied by an ALJ on August 24, 2010, see Tr. at 108-18, and that
decision is not being challenged.

thorough review of the entire record and the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed for the reasons stated herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 31-41.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 25, 2010, the alleged onset date." Tr. at 31 (emphasis and citations omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: post-surgical changes resulting in degenerative disc disease in L5-S2 with paracentral disc extrusion, with effacement on the thecal sac but only possibly touching the nerve root, headaches, obesity

---

[4]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

and depression due to pain." Tr. at 32 (emphasis and citations omitted).  At step three, the

ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments

that meets or medically equals the severity of one of the listed impairments in 20 CFR Part

404, Subpart P, Appendix 1." Tr. at 33 (emphasis and citations omitted).

> The ALJ determined Plaintiff's residual function capacity ("RFC") as follows:
>
> [Plaintiff can] perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  Specifically, [Plaintiff] is capable of: lifting or carrying 20 pounds on an occasional basis and 10 pounds on a frequent basis; standing and/or sitting for a total of six hours throughout a standard workday, [Plaintiff] is limited to work that allows her to alternate between sitting and standing as frequently as every hour.  She can walk for a total of two hours throughout a standard workday; occasionally climbing stairs and ramps, and balancing; frequently handling, fingering, feeling, and gripping. [Plaintiff] is capable of extending her arms forward and overhead. [Plaintiff] can never perform tasks requiring crouching, crawling, stooping, squatting, kneeling, bending or the use of ropes, ladders, and scaffolds. [Plaintiff] must avoid exposure to vibrations, dangerous machines and heights. [Plaintiff] is capable of hearing, listening, and speaking without limitations.  Lastly, [Plaintiff] is limited to simple, routine, 1-2 step jobs with no production or assembly line demands.

Tr. at 35 (emphasis omitted).  At step four, the ALJ found that Plaintiff is "unable to perform

any past relevant work." Tr. at 40 (emphasis and citations omitted).  At step five, after

"[c]onsidering [Plaintiff's] age (46 years old on the alleged disability onset date), education

(at least a high school education and she is able to communicate in English), work

experience (Plaintiff's past relevant work is unskilled), and [RFC]," the ALJ found that "there

are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform,"

Tr. at 40 (emphasis and citations omitted), including surveillance system monitor, order clerk,

and ticket taker, Tr. at 41.  The ALJ concluded that Plaintiff "has not been under a disability

. . . from August 25, 2010, through the date of th[e D]ecision."  Tr. at 41 (emphasis and

citations omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42

U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions

of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."

Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320,

1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but

less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting

Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard

is met when there is "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales,

402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire

record is reviewed to determine whether "the decision reached is reasonable and supported

by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)

(internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080

(11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached

by the Commissioner must be affirmed if it is supported by substantial evidence–even if the

evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc.

Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.  Discussion

As mentioned above, Plaintiff raises the issue of whether the ALJ erred by not clarifying Plaintiff's limitations in the hypothetical to the VE. Pl.'s Mem. at 6-9. Plaintiff specifically argues the ALJ "failed to ask [the VE] whether or not his testimony [was] inconsistent with the Dictionary of Occupational Titles [("DOT")] regarding Plaintiff's complete inability to stoop." Id. at 7. According to Plaintiff, this constituted error "because in the hypothetical that was presented [Plaintiff] was to perform no stooping which, under SSR 96-9p,[5] significantly reduces the unskilled sedentary job base." Id. Plaintiff also appears to challenge the aspect of the hypothetical relating to standing and walking. Id. at 8.

In the fifth step of the sequential evaluation process, an ALJ may pose a hypothetical question to a VE as part of his determination of whether the claimant can obtain work in the national economy. See 20 C.F.R. § 416.920(a)-(f). "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)); see also Loveless v. Massanari, 136 F. Supp. 2d 1245, 1250 (M.D. Ala. 2001). While the hypothetical question must include all of a claimant's impairments, it need not include impairments properly rejected by the ALJ. See McSwain v. Bowen, 814 F.2d 620 n.1 (11th Cir. 1987) (per curiam).

If an ALJ chooses to rely on a VE's testimony, the ALJ is required "to ask the VE whether there is a conflict [between the VE's testimony and the DOT,] and if the VE identifies a conflict the ALJ is required then–and only then–to address the conflict." Garskof v. Astrue,

_____

[5]     The purpose of SSR 96-9p is "[t]o explain the Social Security Administration's policies regarding the impact of [an RFC] assessment for less than a full range of sedentary work on an individual's ability to do other work." SSR 96-9p, 1996 WL 374185, at *1 (July 2, 1996).

-6-

No. 5:07-cv-288-Oc-GRJ, 2008 WL 4405050, at *6 (M.D. Fla. Sept. 26, 2008) (unpublished);

see SSR 00-4p, 2000 WL 1898704, at *2 (noting that "[w]hen there is an apparent unresolved

conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable

explanation for the conflict before relying on the VE"). If no conflict is identified, "the ALJ

does not violate [Social Security Ruling ("SSR")] 00-4p by relying upon the opinion of the

VE–so long as the ALJ asked the VE to identify any conflicts–and the ALJ is not required

independently to identify whether there is any inconsistency." Garskof, 2008 WL 4405050,

at *6. Even if a conflict is identified, a "VE's testimony trumps the DOT." Jones v. Comm'r

of Soc. Sec., 423 F. App'x 936, 938 (11th Cir. 2011) (unpublished) (citing Jones v. Apfel, 190

F.3d 1224, 1230 (11th Cir. 1999)); see also Hurtado v. Comm'r of Soc. Sec., 425 F. App'x

793, 795-96 (11th Cir. 2011) (unpublished) (citations omitted) (noting that a "VE is an expert

on the kinds of jobs a person can perform, while the DOT simply provides generalized

overviews of jobs and not the specific requirements of a job"); Jones v. Charter, 72 F.3d 81

(8th Cir. 1995) (noting that "[t]he DOT gives the approximate maximum requirement for each

position, rather than their range").

Here, the following question was posed by the ALJ to Mr. Capps, the VE who testified

at Plaintiff's hearing:

> [ALJ]: For the second hypothetical, please consider the following limitations:
> [Plaintiff] can lift 20 pounds occasionally/10 pounds frequently; she can stand
> and sit for six hours in an eight-hour day with a sit/stand option every hour; she
> can walk only for two hours in an eight-hour day; she can occasionally climb
> stairs and ramps; she can occasionally balance; she should never climb ropes,
> ladders, and scaffolds and she cannot crouch, crawl, stoop, squat, kneel, or
> bend; she can handle, finger, feel, grip frequently; she can extend her arms
> both forward and overhead in all ways; she can hear, listen, and speak with no
> limitations; she should avoid vibrations, dangerous machines and heights; and

the job should be a simple, routine, one/two-step job with no production assembly line demands.

   With those restrictions, can she go back to the two jobs described as her past work?

Tr. at 92-93.  After the VE responded that he did not think Plaintiff could return to her past work, the ALJ asked whether there would be jobs available in the State of Florida that she could perform.  Tr. at 93. The VE responded as follows:

[VE]: Yes, ma'am.  With these restrictions and then looking at the DOT, there are some options listed.  The first one is the title, surveillance system monitor and the DOT number is 379.367-010; it's listed sedentary . . . [a]nother listing is titled order clerk, food and beverage; that's code 209.567-014; it's listed sedentary . . . [o]ne other one is titled ticket taker and that code is 344.667-101; light . . . .

Tr. at 94.  Finally, the ALJ asked the VE whether the jobs he identified were consistent with the DOT, and the VE responded that they were.  Tr. at 95.

   Plaintiff's central argument is that in light of SSR 96-9p, it was not enough for the ALJ to simply ask the VE whether his testimony was consistent with the DOT; rather, Plaintiff contends the ALJ should have asked the VE whether "his testimony is inconsistent with the DOT regarding Plaintiff's complete inability to stoop." Pl.'s Mem. at 7 (emphasis in original). Plaintiff further suggests that if SSR 96-9p is applied, the two sedentary positions found by the VE (surveillance system monitor and order clerk) would likely be eliminated based on Plaintiff's complete inability to stoop.  Id. at 7.

   Plaintiff's reliance on SSR 96-9p is misplaced for a number of reasons.  SSR 96-9p states, in relevant part, that:

A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work.  Consultation with a

-8-

> vocational resource may be particularly useful for cases where the individual
> is limited to less than occasional stooping.

SSR 96-9p, 1996 WL 374185, at *8 (emphasis omitted from the original and added

elsewhere).  The ruling, therefore, neither implies that an inability to stoop would completely

erode the unskilled sedentary occupational base nor mandates a finding of disability.  In any

event,  SSR 96-9p may not even be applicable here.  The purpose of SSR 96-9p is to

"explain the Social Security Administration's policies regarding the impact of a[n RFC]

assessment for less than a full range of sedentary work," see 1996 WL 374185, at *1, and

here, the ALJ found Plaintiff has "the [RFC] to perform less than the full range of light work,"

see Tr. at 35 (emphasis added).  Moreover, Social Security Rulings are not binding on this

Court.  Jones, 423 F. App'x at n.4.

Nevertheless, the undersigned addresses Plaintiff's argument the ALJ should have

asked the VE whether his testimony is consistent with the DOT regarding Plaintiff's complete

inability to stoop.  See Pl.'s Mem. at 7.  The ALJ specifically included Plaintiff's complete

inability to stoop in the RFC and in the hypothetical posed to the VE.  Tr. at 35, 93.  The VE

then identified two sedentary jobs (surveillance system monitor,  DOT number 379.367-010

and clerk, food and beverage, DOT number 209.567-014) and one job involving light work

(ticket taker, DOT number 344.667-010) that, according to the Selected Characteristics of

Occupations ("SCO"), require no stooping.  Tr. at 94; see Selected Characteristics of

Occupations Defined in the Revised Dictionary of Occupational Titles,

http://www.nosscr.org/sco/sco.pdf.  The ALJ asked the VE whether the jobs the VE listed

were consistent with the DOT, and the VE responded that they were.  Tr. at 95.  Nowhere

does SSR 00-4p require an ALJ to ask a VE whether the job(s) he lists are consistent with

the DOT <u>regarding a specific limitation</u>, and the ALJ is not required to independently identify any inconsistencies between the VE's testimony and the DOT. <u>Garskof</u>, 2008 WL 4405050, at *6.

Plaintiff also suggests that the hypothetical posed to the VE "seems to be implausible in that the Plaintiff could stand for six hours but could only walk for two hours." Pl.'s Mem. at 8. According to Plaintiff, "[i]t is unclear how [Plaintiff] could perform any work with a limitation to not move most of the day (an inability to walk) but yet remain in place while standing." <u>Id.</u> at 9. Plaintiff, however, misconstrues the content of the ALJ's hypothetical. In the hypothetical, the ALJ never postulated that Plaintiff could stand <u>continuously</u> for six hours; rather, she represented that Plaintiff "can stand <u>and sit</u> for six hours in an eight-hour day with a <u>sit/stand option every hour</u>." Tr. at 92 (emphasis added). The distinction is significant, because it implies that Plaintiff would be permitted to alternate between standing and sitting for the six hours in question, <u>and</u> Plaintiff would never be required to stand or sit continuously for more than an hour at a time. This is not inconsistent with Plaintiff's inability to walk for more than two hours in an eight-hour workday.

The undersigned notes that SSR 96-8p, dealing with assessing RFC, explains that "[e]ach function (sitting, standing, walking, lifting, carrying, pushing, and pulling) must be considered separately," <u>see</u> 1996 WL 374184, at *5. So even if Plaintiff had correctly construed the hypothetical, the ALJ would not have erred by considering standing and walking separately.

## V. Conclusion

Plaintiff's arguments ultimately fail because she misconstrues the content of the hypothetical posed by the ALJ to the VE; moreover, her reliance on SSR 96-9p is misplaced.

-10-

Here, the  ALJ properly accounted for Plaintiff's complete inability to stoop by including it in

both the RFC and the hypothetical posed to the VE.  The VE identified two sedentary jobs

and one job involving light work that did not require any stooping, and the ALJ asked the VE

whether the jobs the VE listed were consistent with the DOT.  Accordingly, the undersigned

finds that the VE's testimony is supported by substantial evidence and the ALJ committed no

error in relying on that testimony.  The Commissioner's final decision, therefore, is supported

by substantial evidence.  After due consideration, it is

> **ORDERED**:

> 1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of

42 U.S.C. § 405(g), and pursuant to section 1383(c)(3), **AFFIRMING** the Commissioner's

final decision.

> 2.      The Clerk of Court is further directed to close the file.

> **DONE AND ORDERED** at Jacksonville, Florida on July 31, 2015.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

efh
Copies to:
Counsel of record